**SAVANNAH THEATRE CO. v. LUCAS & JENKINS et al.**
**Civ. A. No. 2103.**

United States District Court
N. D. Georgia, Atlanta Division.
June 8, 1943.

John I. Kelley, Atlanta, Ga., George S. Ryan, Boston, Mass., for plaintiff.

Smith, Kikpatrick, Cody, Rogers and Mc-Clatchey, MacDougald, Troutman, Sams & Schroder, Bryan, Carter & Ansley, Atlanta, Ga., for defendants.

RUSSELL, District Judge.

The matter for determination is the propriety of numerous interrogatories propounded to the several defendants and the validity of objections interposed thereto both generally and specifically.

The interrogatories here addressed to the eight distributor defendants total 393, ranging in number to the respective defendants from 103 to 28. Manifestly no detailed discussion is proper, nor could it be confined within any reasonable length. However, some general statements may be made of reasons which have impelled the order of the Court sustaining objections to certain types of interrogatories and overruling such objections as to others.

Without reaching determination of the question of relevancy of the information sought, clearly those interrogatories imposing upon the defendants the task of investigating the situation in numerous communities, towns and cities throughout the United States to determine whether other defendants, or other parties, operate any theatres in such locations where assumed licensees of the party questioned operate are improper because not related to acts or situations within the knowledge of such defendant. To hold otherwise would require the defendants to investigate the ownership and operation of each theatre in the generally designated locations throughout the United States. Furthermore, except when contrasted or compared, as the case might be, with the situation thus sought to be developed, no point whatever can be seen of the information sought as to whether the defendants entered into license agreements with the other parties specifically designated and questioned about. Interrogatories of this type are not required to be answered.

General questions as to any joint financial interest or ownership of the respective defendants "in any theatres" in which a large number of named corporations "or all or any of them or their subsidiary or allied firms, persons or corporations had a financial interest" are too broad, and would require an unwarranted burden of investigation by the defendants and should not be answered.

Questions as to dealings with "competitive exhibitors" are likewise subject to criticism, as are those dependent for answer upon determination of what is a "competitive theatre" or a "competitive area" or "competitive basis." Such terms are relative and minds may well differ as to their meaning.

Questions as to acts and business dealings with "parent corporations" and "predecessor and successor corporations", will not be required to be answered.

Questions as to whether a defendant entered into any contracts "with producers or other distributor of films" are too broad.

Generally questions should be restricted to matters within the knowledge of officers of the defendant.

Questions requiring examination of the contents of an alleged trade journal and comparison with facts as known to the defendant do not appear proper.

Questions which require an examination and investigation of the situation in detail in an entire territory in order to properly answer whether any contract was let therein in competition to a named person are improper.

Questions as to stock ownership in any other corporation and particularly any corporation engaged in the business of operating, managing or controlling motion picture theatres, except where restricted to majority stock ownership, or control, are too broad.

Questions as to the number of theatres owned during each of several years need not be answered where the information of ownership will be obtained by other questions required to be answered.

Questions dependent for meaning upon answers to questions not required to be answered should, of course, not be required to be answered.

No interrogatory dependent for answer upon determination by the party interrogated of what are "affiliated" or "subsidiary corporations", and with no specification by name, should be required to be answered.

In general where records have been produced for inspection and copying, interrogatories requiring compilation of the information there contained would be improper. In this case, however, it appears that the information is in code and symbols, known only to the defendants, and consequently the compilation is not improper unless interpretation of the code and symbols be made. This may be done in lieu of making the compilation.

As to those questions seeking statement of the names and addresses of theatres supposed to be operated or controlled by the defendants throughout the United States, while it appears that it is doubtful that the location of theatres operated or controlled by the respective defendants will sustain the hypothesis of division of territory claimed by the plaintiff, it nevertheless cannot be determined that this evidence may not have some connection with proof of the case which plaintiff has alleged. The same is true as to the location of branch offices of the defendant distributors, and these interrogatories will be required to be answered.

Those interrogatories relating to contracts alleged to have existed between the defendants, parties to the cause, with reference to the claimed reciprocal priorities and preferences granted inter partes for the distribution and exhibition of films between defendants should be answered.

Where questions are properly framed plaintiff is entitled to develop the corporate relationship between parties specified and any assumption by such parties of legal liability by contract or by succession in corporate identity.

Interrogatories seeking information of details of business through the Atlanta Branch offices of the defendants (which serves Savannah) and similar details of business in Savannah should be answered.

In determining the propriety of interrogatories the Court does not attempt to indicate or delimit the range or scope of testimony permissible upon the trial.

Applying the rulings above announced, the following result with respect to each of the defendants is reached, and it is, therefore, ordered as to each of the following named defendants:

Columbia Pictures Corporation: The objections to the following interrogatories are sustained: Numbers 12, 13, 14, 15, 16, 17, 18, 22, 23, 26 and 27. The remainder are required to be answered.

United Artists Corporation: The objections to the following interrogatories are sustained: Numbers 12, 13, 14, 15, 16, 17, 18, 19, 23, 24, 27 and 28. The remainder are required to be answered.

Universal Film Exchanges, Inc.: The objections to the following interrogatories are sustained: Numbers 13, 14, 15, 16, 17, 18, 19, 23, 24, 27 and 28. The remainder are required to be answered except that as to numbers 10, 11 and 12, the defendant will be required to answer only as to itself and not as to its parent corporation, if any.

Paramount Pictures Distributing Company, Inc.: The objections to the follow-

ing interrogatories are sustained: Numbers 9, 13, 15, 16, 18, 20, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56. The remainder are required to be answered with the exceptions that 21, 23 and 24 are required to be answered with reference only to such contracts with parties designated by name, and, if any, other than those in general use in the ordinary licensing of films between producers, distributors, and/or exhibitors, and 28 and 29 are required to be answered only with reference to applications for license agreement made through the Atlanta branch office.

R. K. O. Radio Pictures, Inc.: The objections to the following interrogatories are sustained: Numbers 14, 15, 17, 18, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 46, 50, 51, 54, 61, 62, 63, 64, 65, 66 and 67. The remainder are required to be answered with the exception that numbers 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45 are required to be answered with reference only to contracts with parties designated by name, and, if any, other than those in general use in the ordinary licensing of films between producers, distributors, and/or exhibitors, and 57, 58, 59 and 60 should be answered only with reference to applications for license agreements made through the Atlanta branch office.

Twentieth Century-Fox Film Corporation: The objections to the following interrogatories are sustained: Numbers 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 69, 70, 71, 72, 73, 80, 81, 82, 83, 84, 85 and 86. The remainder will be required to be answered with the exceptions that numbers 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 are required to be answered with reference only to contracts with parties designated by name, and, if any, other than those in general use in the ordinary licensing of films between producers, distributors, and/or exhibitors, and 74, 75 and 76 should be answered only with reference to applications for license agreements made through the Atlanta branch office.

Vitagraph, Inc.: The objections to the following interrogatories are sustained: Numbers 12, 13, 15, to the last sentence of 16, 18, 22, 23, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51. The remainder are required to be answered with the exception that number 17 need be answered only with reference to application for license agreements made through the Atlanta branch office.

Loew's Inc.: The objections to the following interrogatories are sustained: Numbers 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 39, 40, 41, 43, 46, 48, 52, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 88, 89, 90, 91, 92, 95, 96, 97, 98, 99, 100, 101, 102, and 103. The remainder are to be answered with the exceptions that numbers 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66 and 67 are required to be answered with reference only to contracts with parties designated by name, and, if any, other than those in general use in the ordinary licensing of films between producers, distributors, and/or exhibitors, and number 93 need be answered only with reference to applications for license agreements made through the Atlanta branch office.

It was stated upon the hearing that the plaintiff was content with answers made by the individual and corporate Georgia exhibitors and, therefore, the interrogatories addressed to, and objections by, these defendants are not considered.

In view of the nature of the information called for by the interrogatories, the defendants are allowed thirty days in which to answer.