**T. C. THEATRE CORP.**

v.

**WARNER BROS. PICTURES, Inc. et al.**

United States District Court,
S. D. New York.

May 13, 1954.

See also D.C., 113 F.Supp. 265.

Garfinkel & Adler, Yonkers, N. Y., for plaintiff.

Phillips, Nizer, Benjamin & Krim, New York City, for defendants except Columbia Pictures & RKO.

Schwartz & Frohlich, New York City, for defendant, Columbia.

O'Brien, Driscoll & Raftery, New York City, for defendant R.K.O. Theatres, Inc.

EDELSTEIN, District Judge.

In a treble damage anti-trust suit, plaintiff theater owner seeks discovery by way of interrogatories, and defendants have moved to vacate and modify. The objections go to the relevancy of the questions, on the basis of the subject matter inquired about and the geographical area covered. The first objection is that information is sought about transactions with and affairs of the defendants' two first run theaters in Mount Vernon, New York, while, it is contended, the only issue in the case is whether the defendants conspired to deprive the plaintiff's theater of second run in that city. The plaintiff denies that the issue in suit may be so defined, although it does appear that he made no actual demand for first run upon defendants. See Milwaukee Towne Corp. v. Loew's Inc., 7 Cir., 190 F.2d 561, 568. There is, in so far as has been called to my attention, no pre-trial order defining the issues in this case, and it is inappropriate on this motion to attempt to define the issues for the purpose of trial. Never-

theless, it is indispensable to a ruling on the propriety of interrogatories that the court adopt some basis for the determination of relevancy, and in so far as I am now able to make such a determination, I feel that the questions asked must be relevant to the issue of the denial of second run to the plaintiff in Mount Vernon. But even though the issue is properly so limited, the further problem is presented whether inquiries into the affairs and transactions of the defendants' first run theaters in Mount Vernon are nevertheless relevant. The plaintiff has not demonstrated such relevancy to my satisfaction. Hopkinson v. R. K. O., C.A. 75–300 March 10, 1954, decision adhered to on reargument April 18, 1954. Meyers v. R. K. O., C.A. 72–123 May 4, 1954. Accordingly, the motion to vacate interrogatories numbered 1, 2, 3, 4, 12, 13, 14, 15, 16, 17, 18, 19, and 20 will be granted. And for the interrogatories numbered 5, 6, 7, 8, 9, 21, 22, 26, and 27 the motion will be granted modifying the questions by deleting any reference to first run theaters in Mount Vernon. The plaintiff has voluntarily limited his interrogatories numbered 43 and 44 to refer only to Mount Vernon and Bronxville, and the questions will be further modified by deleting any reference to first run theaters in Mount Vernon. If defendants do not possess any of the information required, they will so state.

■ Interrogatories 28 through 40 and number 42, as a set, seek information on a nation-wide scale. Plaintiff justifies the questions on the ground that they serve merely to bring up to date the findings of fact in the decree made in U. S. v. Paramount, and that Judge Weinfeld has held that decree to be prima facie evidence of the conspiracy alleged in this case. See 113 F.Supp. 265. But whether or not that decree will be admitted into evidence at the trial, I am not persuaded that there is justification for the assumption by the plaintiff of a nation-wide roving commission to inquire generally into the subject of conspiracy involving the defendants. The plaintiff must prove a conspiracy in a specific locality and his interrogatories far transcend the reasonable boundaries of the case he has undertaken to prove. The motion to vacate these interrogatories will be granted, but with leave to plaintiff to resubmit any interrogatories of the same tenor limited to an area having geographical relevancy.

■ Similarly, interrogatory 45, which requests information concerning the previous association by a large category of defendants' officials and employees with other major distributors, will be limited to officials and employees of the New York City branch.

■ If, during the course of the preparation of this case for trial and after further discovery, it should become apparent that the plaintiff properly requires the information denied him on the decision of this motion, leave is granted to the plaintiff to make an appropriate application to the court, upon a valid demonstration of relevancy.