Meyer STANZLER, Joseph Stanzler, Max Stanzler, co-partners doing business under the firm name and style of Wickford Theatre, Plaintiffs,

v.

LOEW'S THEATRE AND REALTY CORPORATION, RKO Rhode Island Corporation, Paramount Film Distributing Corporation, Loew's, Inc., Twentieth Century-Fox Film Corporation, Warner Bros. Pictures Distributing Corporation, RKO Radio Pictures, Inc., United Artists Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation, Republic Pictures Corporation, Monogram Pictures, Inc., Defendants.

Civ. A. No. 982.

United States District Court
D. Rhode Island.

May 17, 1955.

Milton Stanzler, Providence, R. I., George S. Ryan, Boston, Mass., for plaintiffs.

Matthew W. Goring, Providence, R. I., Arthur E. Whittemore, Boston, Mass., for defendants.

DAY, District Judge.

This is an action under the anti-trust laws brought by the operators of the Wickford Theatre, Wickford, Rhode Is-

land against two exhibitors and ten distributors of motion pictures. The amended complaint is in three counts. The first count alleges a national conspiracy of the defendants to monopolize interstate commerce in motion picture films. The second count alleges a local conspiracy directed at the plaintiffs and other independent exhibitors in and near Providence in the State of Rhode Island. The third count alleges contracts in restraint of trade by the defendant distributors.

Plaintiffs have propounded 168 interrogatories to each of the defendant producers and distributors. Generally, the interrogatories seek information concerning certain activities allegedly engaged in by the defendants throughout the United States during the years 1921 to date. Defendant distributors have objected to substantially all of the interrogatories filed.

■ The scope of interrogatories under Rule 33 of the Federal Rules of Civil Procedure is governed by Rule 26 (b) of said rules, 28 U.S.C.A. Thus a party is entitled to compel his adversary to make a full disclosure of all facts which the latter has learned which are relevant to the subject matter of the pending action and are unprivileged. The concept of relevancy under Rule 33 should be given a liberal interpretation, V. D. Anderson Co. v. Helena Cotton Oil Co., 117 F.Supp. 932, and where the answer to any specific interrogatory can conceivably lead to the discovery of relevant information it is deemed proper under the rule. In the instant case, however, plaintiffs' interrogatories numbered 55, 56, 58, 59, 114, 117, 120 and 123 are in no way relevant to the issues at hand and hence, defendants' objections to those interrogatories are sustained.

■ Certain of plaintiffs' interrogatories are objected to on the ground that they seek information as to defendants' activities after the filing of the complaint in the instant case. It is generally held that relevancy to the issue requires that the interrogatories be confined to a period ending with the commencement of the suit. See McInerney v. William P. McDonald, D.C.E.D. N.Y. 1939, 28 F.Supp. 557; Massachusetts Bonding & Insurance Co. v. Harrisburg Trust Co., D.C.M.D.Pa.1941, 2 F.R. D. 197; Ball v. Paramount Pictures, D. C.W.D.Pa.1944, 4 F.R.D. 194; Cinema Amusements v. Loew's, Inc., D.C.D.Del. 1947, 7 F.R.D. 318. The instant action was commenced February 28, 1949. Since interrogatories 47 and 54 seek information as to matters occurring subsequent to the above date, defendants' objections to said interrogatories on the ground of irrelevancy are sustained.

■■ Objection is also made to certain interrogatories on the ground of irrelevancy in that the information sought pertains to activities of the defendants many years prior to the bringing of this action. Although it is true that in actions of this sort a certain amount of freedom should be permitted in the discovery of data of an historic nature and although at a trial on the merits it may well be that evidence of defendants' activities twenty or more years prior to institution of suit will be admitted, it is the opinion of this Court that to compel a defendant to produce prior to trial a great bulk of such information under the usual penalties for failure to obey a court order would be unreasonably oppressive and not within the scope of permissible discovery under Rule 33. To the extent that it is not unreasonable and oppressive, it is permissible and proper to compel answers concerning defendants' activities for some period beyond the statutory period of limitations but such period cannot be extended indefinitely. It would seem proper to permit discovery for approximately four years beyond the statutory period of limitation of actions, or a total of ten years prior to the commencement of the action. The plaintiffs are not entitled to information concerning defendants' activities prior to January 1, 1939 and for

that reason defendants' objections to the following numbered interrogatories are sustained: 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 95, 96, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 141, 142, 143, 144, 145, 146, 147, 148, 153, 154, 155, 156.

■■ A number of plaintiffs' interrogatories seek information not only within the corporate knowledge of the interrogated defendants but also within the knowledge of "any subsidiary or affiliated corporation". The interrogatories undertake to define subsidiary or affiliated corporation as follows:

"By 'subsidiary or affiliated corporation' in these interrogatories is meant any corporation controlled or managed by the defendant or in which it has a substantial interest; any corporation controlling the defendant, either by ownership of its capital stock, in whole or in part, or otherwise; or any corporation which is controlled or managed, directly or indirectly, by any other corporation which also controls or manages the defendant, whether the control arises from stock ownership or contract or in any other way."

Rule 33 requires that the answering officer of a corporation shall furnish such information as is within the knowledge of the officers of such corporation. Such officer may not be compelled to undertake an investigation of the internal affairs of any other corporation. See Savannah Theater Co. v. Lucas & Jenkins, D.C.N.D.Ga.1943, 10 F.R.D. 461. Defendants' objections to those portions of all interrogatories calling for information as to activities of subsidiary or affiliated corporations are accordingly sustained.

In accordance with the principles set out above, defendants' objections to the following interrogatories are overruled except that defendants need divulge information only as to their own corporate activities during the period January 1, 1939 to February 28, 1949: 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50, 53, 57, 60, 61, 65, 66, 67, 68, 69, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 91, 92, 93, 94, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 113, 115, 116, 118, 119, 121, 122, 124, 125, 126, 139, 140, 149, 150, 151, 152, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173.

■ Objections to interrogatories 87, 88, 89 and 90 are sustained on the ground that the interrogatories as propounded are too vague or indefinite as to properly apprise the defendants of the information sought.

■ Defendants need not answer interrogatories numbered 70 and 71 since "Exhibit A" referred to therein was not annexed to the interrogatories and answers to those interrogatories have apparently been waived by plaintiffs.