**VILASTOR KENT THEATRE CORP. and Bur-Don Theatre Enterprises, Inc., Plaintiffs,**

v.

**Harry BRANDT et al., Defendants.**

United States District Court
S. D. New York.

July 7, 1955.

Milbank, Tweed, Hope & Hadley, New York City, for plaintiffs. A. Donald MacKinnon and Janet P. Kane, New York City, of counsel.

Benjamin Melniker, New York City, for defendant Loew's Incorporated.

Louis Phillips, New York City, for defendants Paramount Pictures, Inc. (in dissolution), Paramount Pictures Corp. and Paramount Film Distributing Corp.

J. Miller Walker, New York City, for defendants Radio-Keith-Orpheum Corp. (dissolved), RKO Pictures Corp. and RKO Radio Pictures, Inc.

Robert W. Perkins, New York City, for defendants Warner Bros. Pictures Inc. (dissolved), Warner Bros. Pictures, Inc. (organized 1953) and Warner Bros. Pictures Distributing Corp.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants Twentieth Century-Fox Film Corp. (organized 1915) and Twentieth Century-Fox Film Corp. (organized 1952).

Adolph Schimel, New York City, for defendants Universal Pictures Co., Inc. and Universal Film Exchanges, Inc.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corp.

Joseph A. Macchia, New York City, and Karla Davidson, Forest Hills, N. Y., of counsel.

PALMIERI, District Judge.

This is a motion by plaintiffs for production of documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The action is one to recover treble damages for alleged violations of the Sherman Act, 15 U.S.C.A. §§ 1, 2. The complaint alleges that the defendants conspired to deprive the plaintiffs' theatres of runs and clearances to which they were entitled.

In order for plaintiffs to recover for defendants' denial of runs and clearances to them, plaintiffs must show that they requested defendants to grant them such runs and clearances. See J. J. Theatres, Inc., v. Twentieth Century-Fox Film Corp., 2 Cir., 1954, 212 F.2d 840; Milwaukee Towne Corp. v. Loew's, Inc., 7 Cir., 1951, 190 F.2d 561, certiorari denied, 1952, 342 U.S. 909, 72 S.Ct. 303, 96 L.Ed. 680. The records that plaintiffs wish to have produced concern two "first run" theatres in Yonkers, New York. Defendants state that plaintiffs never requested "first run" in Yonkers and that communications from plaintiffs to defendants and depositions of plaintiffs' officers indicate that plaintiffs complain only of an alleged deprivation of "second run" in Yonkers. Plaintiffs do not contradict these statements.

Plaintiffs have not demonstrated how records concerning "first run" theatres in Yonkers are relevant to an alleged deprivation of "second run" in that city. They claim that they have shown that the information is relevant to the allegations of their complaint. But at this stage of the case relevance to the pleadings is not enough. The Rules of Civil Procedure "restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. * * *" Hickman v. Taylor, 1947, 329 U.S. 495, 501, 67 S.Ct. 385, 388-389, 91 L.Ed. 451.

The information sought by means of the discovery process must be relevant to the issues in an action or must be useful in uncovering the existence of information relevant to the issues in the action. As long as the deposition-discovery process has not been used to form-

ulate the issues in a case, the pleadings are perforce the touchstone by which relevance is determined. But after issues have been sufficiently formulated by the deposition-discovery process, the issues as formulated, rather than the pleadings, are the touchstone by which relevance is to be determined. See T. C. Theatre Corp. v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 173, 174–175.

Plaintiffs have not asserted that there are any issues in this case other than whether defendants unlawfully denied them "second run" in Yonkers. At this time they have failed to show the relevance of records about "first run" theatres in Yonkers to the issue of unlawful denial of "second run" in that city. They have also failed to show how the records that they wish to have produced may lead to relevant information. They have, therefore, not shown the "good cause" required by Rule 34 and their motion is denied. See T. C. Theatre Corp. v. Warner Bros. Pictures, Inc., supra.