Mieczyslaw M. **KONCZAKOWSKI** et al., Plaintiffs,

v.

**PARAMOUNT PICTURES**, Inc., et al., Defendants.

United States District Court
S. D. New York.
June 28, 1957.

See also D.C., 19 F.R.D. 361.

Hoffman, Buchwald, Nadel, Cohen & Hoffman, New York City, and Harry M. Pimstein, New York City, for plaintiffs.

Louis Phillips, New York City, for defendants Paramount Pictures Inc. (In Dissolution), Paramount Pictures Corp. and Paramount Film Distributing Corp.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants TCF Film Corp. (N. Y.) and Twentieth Century-Fox Film Corp. (Delaware).

Herbert B. Lazarus, New York City, for defendants American Broadcasting-Paramount Theatres, Inc. and Buffalo Paramount Corp.

Robert W. Perkins, New York City, for defendants Warner Bros. Pictures Inc. (Delaware, organized 1953) and Warner Bros. Pictures Distributing Corp.

Adolph Schimel, New York City, for defendants Universal Pictures Company, Inc. and Universal Film Exchanges, Inc.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corp.

Benjamin Melniker, New York City, for defendant Loew's Inc., E. Compton Timberlake, New York City, Marvin H. Ginsky, Bernard E. Kalman, Herbert C. Earnshaw, New York City, of counsel.

LEVET, District Judge.

Each of the defendants herein has moved for an order in accordance with Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. striking all or

part of the interrogatories propounded by plaintiffs to the respective defendants.

This is an action instituted pursuant to the Sherman, Clayton and Robinson-Patman Acts, 15 U.S.C.A. §§ 1–27, for treble damages. The plaintiffs are the owners and operators of the Marlowe Theatre in Buffalo, New York, and the defendants are motion picture distributors or exhibitors, or both. The complaint alleges that the defendants have conspired with "affiliated exhibitors, large unaffiliated circuits, and locally favored exhibitors, to monopolize motion picture exhibition in the various localities in the United States including Buffalo * * *."

Although during his examination before trial the plaintiff, Mieczyslaw M. Konczakowski, acknowledged that his grievance concerned the relative playing positions between his Marlowe Theatre and those of his competitor, the Niagara Theatre, the complaint states in broad terms that the plaintiffs are the victims of the local impact of a national conspiracy. The substance of the plaintiffs' allegations appears to be found in subdivisions (c) and (d) of paragraph 18, and in paragraph 19 of the complaint, which read as follows:

"(c) Pursuant to and in furtherance of such unlawful monopoly and conspiracy, the defendant distributors, acting illegally in concert and in combination with and for the benefit of the defendant affiliated exhibitors, unlawfully discriminated and conspired against plaintiffs by illegally usurping from plaintiffs' Marlowe Theatre in or about the year 1939 its long-established run of motion pictures and by granting said run to said Niagara Theatre and by unlawfully withholding from said Marlowe Theatre the right to exhibit motion pictures until long after they had been exhibited in downtown Buffalo first run and move-over theatres and in said Niagara Theatre.

"(d) Pursuant to and in furtherance of such unlawful monopoly and conspiracy, the defendant distributors and exhibitor defendants unlawfully discriminated and conspired against plaintiffs by engaging in monopolistic practices favorable to the exhibitor defendants and detrimental and injurious to plaintiffs relating to or concerning film rentals; maintenance of minimum admission prices; advertising allowances; deduction in film rentals on playing of double features; deduction in film rentals for extra expense incurred for patronage stimulants; granting of move-overs including the creation of a move-over run granted to the exhibitor defendants' Teck Theatre in downtown Buffalo; permitting extended runs and day and date runs; selection and rejection of films theretofore contracted for; tie-in sales (block booking); road show and so-called pre-release showings and privileges; requirements respecting playing of foreign produced pictures; playing of pictures on preferred play dates; overage and underages (i. e. permitting commitments for one theatre to be worked off in other theatres of the defendant exhibitors or their affiliates); playing of pictures out of order of release; bidding for pictures; checking box office receipts and auditing books; determining 'split figures' (allowance for theatre operation expense on percentage rental pictures); guaranteed minimum film rentals; joint advertising campaigns; rebates, discounts or allowances as to film rentals and advertising and other elements of exhibition expense.

"19. The distributor defendants and the exhibitor defendants combined, conspired and agreed to exclude arbitrarily the Marlowe Theatre from the motion picture benefits to which it was clearly entitled by reason of its history,

appointments, size, location, management and other relevant factors, and to award unjust and unlawful benefits to said Niagara Theatre and the Buffalo first run downtown and moveover and neighborhood first run theatres operated, managed or controlled by the exhibitor defendants * * *."

That the motion picture industry may establish successive runs or exhibitions of a feature in a given area, or prescribe the clearance or period of time which must elapse between runs of the same feature within a particular area or in specified theatres, is not now open to question. It has been judicially declared that "[T]he nature of the product with which motion picture distributors and exhibitors deal is such as to require the regulation of the manner of exhibition. * * * So preference must be given to certain theatres. And to make such preference effective, the exhibition of pictures at other theatres must be limited to a lapsed period after exhibition of the picture at first-run theatres." Fanchon & Marco v. Paramount Pictures, D.C.S. D.Cal.1951, 100 F.Supp. 84, 89, affirmed 9 Cir., 1954, 215 F.2d 167, certiorari denied 348 U.S. 912, 75 S.Ct. 293, 99 L. Ed. 715. It is the manner in which the defendants regulated and awarded successive runs and clearances of films to the alleged detriment of plaintiffs' Marlowe Theatre in Buffalo upon which this action is bottomed. Mr. Konczakowski has testified that what the plaintiffs want for their Marlowe Theatre is a run after the Victoria Theatre and that when the Niagara Theatre came into existence on or about July 10, 1940, it was awarded a run following the Victoria run with clearance over the Marlowe. Mr. Konczakowski also said that since the Marlowe was an established theatre when the Niagara Theatre came into existence, it was his belief that "the established theatre should have a clearance over a new theatre."

Before considering the specific interrogatories addressed to each defendant to which objections have been raised, it is appropriate to note certain salient rules which are applicable to some of the interrogatories propounded herein.

Where a complaint in an anti-trust action by a theatre owner against motion picture producers and distributors alleges that certain conduct in a designated area was part of a national conspiracy, the plaintiff may obtain answers to interrogatories concerning the size of the defendants, the amount of their business and the degree of integration between them, and these interrogatories need not be restricted to purely local matters. Burroughs v. Warner Bros. Pictures, Inc., D.C.Mass.1952, 12 F.R.D. 491. However, where the interrogatories seek information concerning the national or local activities of the producers and distributors which do not affect the plaintiff theatre owner, such interrogatories are irrelevant and improper. Thus, it was held in T. C. Theatre Corp v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 173 that in an anti-trust suit involving a conspiracy to deprive plaintiff's theatre of second run films, inquiries into the affairs and transactions of defendants' first run theatres in the community were not relevant and, moreover, where the inquiries were on a nationwide scale, they were clearly irrelevant. The plaintiffs have not shown how information concerning first run theatres in Buffalo is relevant. Indeed, Mr. Konczakowski indicated during his examination that he was not interested in theatres in Buffalo such as the Victoria and the Elmwood because these theatres enjoyed runs which were senior to his Marlowe and were, therefore, "no opposition." Since plaintiffs do not claim that they are entitled to a first run in said city, the defendants' objections to interrogatories with respect to first run theatres are sustained. See Vilastor Kent Theatre Corp. v. Brandt, D.C.S.D.N.Y. 1955, 18 F.R.D. 199; Ball v. Paramount Pictures, D.C.W.D.Pa.1944, 4 F.R.D. 194, 195.

■ With regard to those interrogatories wihch request information and data obtainable from available documents, the general rule is that a party should not be permitted to compel his opponent to make compilations or perform research and investigations with respect to statistical information which he might make for himself by obtaining the production of the books and documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, or by doing a little footwork, as the case may be. Leonia Amusement Corp. v. Loew's Inc., D.C.S.D.N.Y.1955, 18 F.R.D. 503; Pappas v. Loew's Inc., D.C.Pa.1953, 13 F.R.D. 471; Tivoli Realty, Inc., v. Paramount Pictures, D.C.Del.1950, 10 F.R.D. 201; Cinema Amusements, Inc., v. Loew's Inc., D.C.Del.1947, 7 F.R.D. 318; Byers Theaters, Inc., v. Murphy, D.C. W.D.Va.1940, 1 F.R.D. 286. Accordingly, interrogatories which ask for the distances between forty named theatres in Buffalo or which seek a list of titles of all motion pictures produced or distributed by distributor defendants and which were exhibited in twelve named theatres during a period of approximately twenty years, are oppressive. If relevant, this information can be compiled by the plaintiffs. The plaintiffs can acquire the list of motion picture titles by obtaining the production of books and records, under Rule 34, which contain this information and by compiling the list of titles themselves. However, defendants may, if they wish, give plaintiffs a list of these titles rather than producing books and records for this purpose. See Cinema Amusements, Inc., v. Loew's Inc., supra.

■ Some of the interrogatories contain ambiguous language in that they refer to "affiliated" or "allied" corporations. Words of such character are improper. See Leonia Amusement Corp. v. Loew's Inc., supra; Savannah Theatre Co. v. Lucas & Jenkins, D.C.Ga. 1943, 10 F.R.D. 461. Furthermore, interrogatories addressed to corporations which seek a list of agreements to which they or "any of their subsidiary, affiliated or allied corporations" were parties are objectionable because a corporation cannot be charged with knowledge of the acts of its subsidiaries where they are not in effect its agents. See Stanzler v. Loew's Theatre and Realty Corporation, D.C.R.I.1955, 19 F.R.D. 286; Savannah Theatre Co. v. Lucas & Jenkins, supra.

The defendants also object to certain interrogatories on the ground that the information sought relates to activities of the defendants for a period of more than twenty years. Objection to interrogatories of this character was sustained in Stanzler v. Leow's Theatre and Realty Corporation, supra, where the court said at page 288 of 19 F.R.D. as follows:

"* * * Although it is true that in actions of this sort a certain amount of freedom should be permitted in the discovery of data of an historic nature and although at a trial on the merits it may well be that evidence of defendants' activities twenty or more years prior to institution of suit will be admitted, it is the opinion of this Court that to compel a defendant to produce prior to trial a great bulk of such information under the usual penalties for failure to obey a court order would be unreasonably oppressive and not within the scope of permissible discovery under Rule 33. To the extent that it is not unreasonable and oppressive, it is permissible and proper to compel answers concerning defendants' activities for some period beyond the statutory period of limitations but such period cannot be extended indefinitely. * * *"

■ As to the objections of the Paramount defendants and defendants American Broadcasting-Paramount Theatres, Inc. and Buffalo Paramount to all interrogatories which seek to elicit in-

formation for any period prior to December 30, 1949, on the ground that all claims which accrued against them prior to said date were dismissed, said objections are sustained. The interrogatories addressed to the other defendants which seek information prior to July 10, 1940, the time when the Niagara Theatre came into existence and allegedly usurped the run of plaintiffs' Marlowe Theatre, are objectionable in that they attempt to uncover evidence of all of the wrongdoings of the motion picture industry for the last twenty-two years without any relevance to the basic issues in this case.

There remains for consideration the defendants' objections to specific interrogatories. These objections are disposed of as follows:

Paramount Pictures Inc., Paramount Film Distributing Corporation and Paramount Pictures Corporation:

The following interrogatories are to be limited to information subsequent to December 30, 1949: First through Fifteenth and Forty-First through Forty-Sixth.

Objections to the following interrogatories seeking detailed information as to the Buffalo, Paramount, Hippodrome, Great Lakes, Center, Teck, Elmwood, North Park, Allendale or Victoria Theatres are sustained: First, Second, Third, Fifth, Seventh, Eighth, Ninth and Fifteenth.

The objection to interrogatory Twelfth, in that it seeks irrelevant information beyond the Buffalo area, is sustained.

The objection to interrogatory Sixth, in that it seeks the release dates of motion pictures for over twenty years, both nationally and locally, is sustained.

The objections to interrogatories Tenth, Thirteenth and Fourteenth, in so far as they relate to "subsidiary, affiliated or allied corporations," are sustained.

The objection to the request for copies of documents contained in interrogatory Tenth is sustained without prejudice to plaintiffs' obtaining these documents under Rule 34 upon a showing of good cause.

The objections to interrogatories Tenth through Fourteenth, Forty-First, Forty-Fifth and Forty-Sixth, to the extent that they seek to elicit answers from corporations not parties to this action, or which are ambiguous in that they refer to "affiliated or allied corporations," are sustained.

American Broadcasting-Paramount Theatres, Inc. and Buffalo Paramount Corporation:

The following interrogatories are to be limited to information subsequent to December 30, 1949: First through Fifth, Seventh through Sixteenth, Eighteenth through Twenty-Fifth, Twenty-Eighth through Thirty-Seventh and Forty-Second through Forty-Fourth.

Objections to the following interrogatories seeking detailed information as to the Buffalo, Paramount, Great Lakes, Hippodrome, Center, Teck, North Park, Kensington, Seneca and Roosevelt Theatres are sustained; First, Second, Third, Seventh, Eighth, Ninth and Tenth.

Objections to the following interrogatories seeking detailed information as to the Elmwood Theatre are sustained: First, Second, Third, Seventh through Tenth, Sixteenth, Eighteenth through Twenty-Third, Twenty-Seventh, Twenty-Ninth, Thirtieth through Thirty-Sixth, Thirty-Eighth, Thirty-Ninth, Fortieth and Forty-Fourth.

The objection to interrogatory Sixth, in that it seeks distances from the Niagara, Teck and Elmwood Theatres to numerous other specified theatres in Buffalo, is sustained.

The ojection to interrogatory Thirteenth, in that it seeks irrelevant information beyond the Buffalo area, is sustained.

Objections to interrogatories Eleventh, Fourteenth and Fifteenth, in so far as

they relate to "subidiary, affiliated or allied corporations," are sustained.

Objections to interrogatories Seventeenth and Forty-First in that they seek the salaries paid to defendants' employees who managed the Niagara and Elmwood Theatres and who negotiated, bought and booked motion pictures for such theatres, are sustained.

The objections to the following interrogatories are sustained in that they seek to elicit the names and addresses of patrons of the Niagara and Elmwood Theatres: Thirty-Fourth through Thirty-Sixth.

Interrogatory Fifth, which seeks the degree of competition between the Marlowe Theatre and defendants' theatres in Buffalo and which also asks for the facts and factors which are determinative of said degree, is improper in that it calls for a conclusion based upon defendants' opinion. The objection to this interrogatory is sustained.

Objections to the following interrogatories, to the extent that they seek to elicit answers from corporations not parties to this action, or which are ambiguous in that they refer to "affiliated or allied corporations," are sustained: Eleventh through Fifteenth and Forty-Second.

The objection to the request for copies of documents contained in interrogatory Tenth is sustained without prejudice to plaintiffs' obtaining these documents under Rule 34 upon a showing of good cause.

Twentieth Century-Fox Film Corporation (N. Y.), Twentieth Century-Fox Film Corporation (Delaware), Warner Bros. Pictures Distributing Corporation, United Artists Corporation, Columbia Pictures Corporation, Universal Pictures Company, Inc. and Universal Film Exchanges, Inc.:

The following interrogatories are to be limited to information subsequent to July 10, 1940: First through Eighteenth, Twentieth and Twenty-First.

Objections to the following interrogatories seeking detailed information as to the Buffalo, Paramount, Hippodrome, Great Lakes, Center, Teck, Elmwood North Park, Allendale or Victoria Theatres are sustained: First, Second, Third, Fifth, Seventh through Ninth and Eighteenth.

The objection to interrogatory Twelfth, in that it seeks irrelevant information beyond the Buffalo area, is sustained.

The objection to interrogatory Sixth, in that it seeks the release dates of motion pictures for a period of over twenty years, both nationally and locally, is sustained.

The objection to interrogatory Fifteenth is sustained in so far as it seeks information regarding the salaries paid to defendants' employees who negotiated licenses for the exhibition of motion pictures at certain theatres in Buffalo.

The objections to interrogatories Tenth through Fourteenth, Sixteenth, Twentieth and Twenty-First, to the extent that they seek to elicit answers from corporations not parties to this action, or which are ambiguous in that they refer to "subsidiary, affiliated or allied corporations," are sustained.

The objection to interrogatory Tenth, to the extent that it calls for copies of documents, is sustained without prejudice to plaintiffs' obtaining these documents under Rule 34 upon a showing of good cause.

Loew's Incorporated:

The following interrogatories are to be limited to information subsequent to July 10, 1940. First through Twelfth and Forty-Sixth.

Objections to the following interrogatories seeking detailed information as to the Buffalo, Paramount, Hippodrome, Great Lakes, Center, Teck, Elmwood, North Park, Allendale or Victoria Theatres are sustained: First, Second,

Third, Fifth, Seventh, Eighth and Ninth.

The objection to interrogatory Twelfth, in that it seeks irrelevant information beyond the Buffalo area, is sustained.

The objection to interrogatory Sixth, in that it seeks the release dates of motion pictures for a period of over twenty years, both nationally and locally, is sustained.

The objection to the request for copies of documents contained in interrogatory Tenth is sustained without prejudice to plaintiffs' obtaining these documents under Rule 34 upon a showing of good cause.

The objections to interrogatories Tenth, Eleventh, Thirteenth, Fourteenth and Forty-Fifth, to the extent that they seek to elicit answers from corporations not parties to this action, or which are ambiguous in that they refer to "subsidiary, affiliated or allied corporations," are sustained.

As To All the Defendants Herein:

All objections to interrogatories which have not been specifically sustained, as indicated above, are overruled.

So ordered.