## RADIO RECEPTOR CO., Inc., v. GENERAL MOTORS CORPORATION et al.

District Court, S. D. New York.
Dec. 27, 1939.

Harold R. Zeamans, of New York City (Milton Haas, of New York City, of counsel), for plaintiff.

Chadbourne, Wallace, Parke & Whiteside, of New York City (Leonard P. Moore and James K. Crimmins, both of New York City, of counsel), for Bendix Radio Corporation and Bendix Aviation Corporation.

COXE, District Judge.

This is a motion by the plaintiff for a protective order under Rule 30(b), 28 U.S.C.A. following section 723c, with respect to a proposed examination before trial of two officers of the plaintiff. The matters to be covered by the examination are indicated by the subpoena duces tecum served on the plaintiff.

The plaintiff insists (1) that it should not be required to divulge trade secrets of a purely confidential nature with respect to its business, (2) that the examination should be restricted to the period subsequent to 1935, and (3) that the general scope of the examination should be limited.

First, as to trade secrets. The complaint in paragraph 33 alleges that the former employees of the plaintiff revealed to the defendants "certain trade secrets of the plaintiff together with the names and locations of various sources of supply known to the plaintiff." Paragraph 34 alleges that these employees revealed to the defendants "the plaintiff's figures and proposed bid upon contracts to be let by the U. S. Signal Corps and the Department of Commerce".

I think that the defendants may examine the officers of the plaintiff on these allegations, even though the examination may involve disclosing the plaintiff's trade secrets, etc.

Second, as to the limitation in time to the period after 1935. The complaint alleges that the plaintiff has been in the business of manufacturing and selling special radio equipment "for the past four years". The damages asked run into high figures and general evidence regarding the growth, financial condition and relative position of the plaintiff in the field is clearly relevant. I do not think, therefore, that it is practicable now to place any time limitation on the examination as requested by the plaintiff.

Third, as to a limitation on the general scope of the examination. The subpoena as served is clearly too broad, and I think the criticisms. made of it by the plaintiff are in the main well taken. There is no real necessity in such a case as this to require the production of such a huge mass of material as called for by the subpoena. Moreover, it is an imposition on the court to be asked to pass on the propriety of so many different items. Counsel should make an effort to agree on the disputed matters in line with this memorandum. If they are unable to do so, I will pass on any remaining questions at a further oral argument.