## GORDON, WOLF, COWEN CO., Inc. v. INDEPENDENT HALVAH & CANDIES, Inc.

United States District Court
S. D. New York.

Dec. 29, 1949.

Paskus, Gordon & Hyman, New York City, Charles H. Lieb and Louis B. Resnick, New York City, for plaintiff.

Levin, Rosmarin & Schwartz, New York City, Jerome M. Schwartz and William Rosmarin, New York City, for defendant.

BONDY, District Judge.

Plaintiff, a manufacturer of a confection known as halvah, seeks treble damages and injunctive relief from defendant, a competitor, for alleged violations of the anti-trust laws. It contends: (1) that during the season commencing September, 1948 and ending about April, 1949 defendant sold the halvah it produced at 25¢ per pound, a price that was "unreasonably low" and established "for the purpose of destroying competition" and "eliminating a competitor" in violation of Section 3 of

the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13a; (2) that by means of this price policy defendant has attempted to monopolize the halvah industry in violation of Section 2 of the Sherman Act, 15 U.S.C.A. § 2; and (3) that defendant threatens to continue its current price policy, which will cause plaintiff irreparable damage unless defendant is enjoined both pendente lite and permanently from pursuing such policy. 15 U.S.C.A. § 26.

It is alleged in an affidavit submitted on behalf of plaintiff that the entire halvah industry consists of five companies, located in New York City, and is dominated by defendant, whose sales approximately equal the combined sales of its four competitors. It is further alleged that since the appearance and quality of halvah are substantially uniform no company can profitably sell its product at a price higher than that charged by its competitors; that by virtue of its size, defendant has become price leader in the industry; and that when defendant reduced its price from 30¢ to 25¢ during the 1948–1949 season, plaintiff was compelled to do likewise and operate at a loss, sustaining damages in the amount of $85,000, which plaintiff seeks to recover threefold, in addition to costs and a reasonable attorney's fee. 15 U.S.C.A. § 15.

Defendant moves to dismiss the complaint (a) on the ground that Section 3 of the Robinson-Patman Act, upon which plaintiff's claim is predicated, is unconstitutional in that "it is vague; it fails to set up a sufficiently informing standard of criminality; it is not due process of law and it fails to adequately inform the alleged violator of the nature and cause of the accusation"; and (b) for failure to state a claim upon which relief can be granted. Defendant also moves for summary judgment on the ground that the affidavits fail to disclose any triable issue of fact. At the same time, plaintiff moves for discovery pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ The court declines to pass upon the merits of defendant's constitutional objections at this stage of the proceedings, being mindful of the rule laid down by the Supreme Court that grave constitutional questions should not be determined on motion to dismiss where "there is a reasonable likelihood that the production of evidence will make the answer to the questions clearer." Borden's Farm Products Co. v. Baldwin, 1934, 293 U.S. 194, 213, 55 S.Ct. 187, 193, 79 L.Ed. 281 (concurring opinion); Polk Co. v. Glover, 1938, 305 U.S. 5, 9–10, 59 S.Ct. 15, 83 L.Ed. 6; Colonial Hardwood Flooring Co. v. Internat'l Union, D.C.Md.1948, 76 F.Supp. 493, 496. This rule has recently been applied in denying a motion to dismiss which attacked the validity of Section 3 of the Robinson-Patman Act. U. S. v. Bowman Dairy Co., 1948–51 C.C.H. Trade Regulation Reporter, paragraph 62, 403 (N.D.Ill.1949).

■ The complaint states a violation of Section 3 of the Robinson-Patman Act in alleging that plaintiff and defendant are competitors and that defendant sold its halvah at a reduced and "unreasonably low" price of 25¢ per pound during the 1948–1949 season "for the purpose of destroying competition and eliminating competitors." See A. J. Goodman & Son, Inc. v. United Laquer Mfg. Corp., D.C.Mass. 1949, 81 F.Supp. 890. In that case, also a treble damage suit under Section 3, the court, after declaring that the complaint adequately set forth a violation of that section, granted defendant's motion to dismiss only because it did not appear that plaintiff had suffered any injury as a result of the violation. Here, however, plaintiff has alleged facts concerning the necessity of meeting defendant's lower price in order to remain in business and its consequent loss. The motion to dismiss for failure to state a claim accordingly is denied.

The motion for summary judgment must be denied because the affidavits disclose the existence of genuine issues as to material facts. Defendant denies selling or having sold its halvah at "unreasonably low" prices, and asserts that its "business has been and is being conducted on a sound and profitable basis." To support this assertion defendant has set forth a transcript of its Federal income tax returns for the years 1943–1948. However, the returns disclose the net profits derived from de-

702

fendant's entire business, not the profits which accrued from its halvah sales alone. Moreover, the profits appearing on defendant's income tax returns were computed on a calendar year basis, and defendant has not shown the profit it made, if any, from the sale of halvah during the season commencing September, 1948 and terminating about April, 1949, when its price of 25¢ was in effect.

 Most of the papers and documents that plaintiff seeks to inspect contain information bearing upon defendant's cost of production and profits. Since the latter are relevant to plaintiff's allegation that defendant sold its halvah at an "unreasonably low" price, and since the truth of that allegation can not be established without such information, which is in the exclusive control of defendant, plaintiff has shown the required "good cause" for its request. Rule 34; Cf. Loft, Inc. v. Corn Products Refining Co., 7 Cir., 1939, 103 F.2d 1, 6, certiorari denied, 1939, 308 U.S. 558, 60 S.Ct. 80, 84 L.Ed. 469; Raush 558, 60 S.Ct. 80, 84 L.Ed. 469; Baush ica, 2 Cir., 1933, 63 F.2d 778, 780–781, certiorari denied, 1933, 289 U.S. 739, 53 S.Ct. 658, 77 L.Ed. 1486.

With one exception, plaintiff's demands are not too sweeping. The desired documents have been designated with sufficient particularity, and the details requested seem justified in view of the necessity of determining to what extent defendant's profits were attributable to its sales of halvah and to what extent to sales of its other products. However, plaintiff is not entitled at this time to a discovery of the "minutes of all stockholders, directors and executive committee meetings during 1938 to date." These may conceivably shed light on what defendant itself regarded as a reasonable selling price for its halvah and therefore be relevant to the issue of defendant's intent, but, in the absence of a further showing of necessity, the risk of revealing other confidential, but irrelevant, matters outweighs this consideration.

Defendant objects to granting the discovery on the ground that it would necessarily reveal its trade secrets to a competitor. However, it is difficult to see how disclosure of defendant's costs and profits would reveal the latter's secret processes of production, if any. In the reply affidavit of the vice-president of the defendant it is conceded that the basic ingredients of its halvah and those of plaintiff's product are the same. In any event, "to compel defendant to reveal the ingredients of its product is not to force the revelation of secret processes, concealed methods of compounding and the like." Lenerts v. Rapidol Distributing Co., D.C.S.D.N.Y. 1942, 3 F.R.D. 42, 43. See also Radio Recepter Co. v. General Motors Corp., D.C.S.D.N.Y.1939, 1 F.R.D. 167.

The motion for discovery is granted in all respects, except in so far as plaintiff seeks inspection of defendant's minutes, as to which the motion is denied without prejudice to a renewal thereof upon a further showing of necessity.