ERONE CORPORATION, Hempstead Theatre Corporation, Rivoli Theatre Corporation, Glen Cove School Street Corporation, Calderone Valley Stream Corporation, Calderone Mineola Theatre Corporation, Westbury Theatre Corporation, Mineola Theatre Operating Co., Inc., Calderone Rivoli Operating Corp., Hempstead Operating Company, Inc., Plaintiffs,

v.

SKOURAS THEATRES CORPORATION, Metropolitan Playhouses, Inc., Combined Century Theatres, Inc., Century Management Corporation, Frankstram Realties, Inc., Rock-Brook Realties, Inc., Grenek Realties, Inc., Sunny-Bliss Realties, Inc., Merja Realties, Inc., Jamaica Theatre Company, Inc., Celtic Realty, Inc., Mansett Realty Corporation, Fourtown Realty Corporation, Threesite Realty Corporation, Wayne Realty Corporation, Merrick Realty Corporation, Grupenel Realty Corporation, Century Circuit, Inc. (Del.), Century Circuit, Inc., George P. Skouras, Spyros S. Skouras, Henry C. Kiner, Jr., and Leslie Schwartz, Defendants.

United States District Court
S. D. New York.
June 12, 1958.

See, also, 19 F.R.D. 299.

Bernard Bernstein, New York City, for plaintiffs.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for Skouras defendants, Adolph Kaufman, Ralph J. Schwarz, Jr., New York City, of counsel.

Zalkin & Cohen, New York City, for Century defendants.

DIMOCK, District Judge.

This is a motion by defendants pursuant to Rule 33, F.R.Civ.P., to strike or modify interrogatories propounded by plaintiffs dated December 19, 1957, and modified by a memorandum of plaintiffs' attorney dated March 3, 1958.

The action is one for treble damages and injunctive relief under the anti-trust laws. 15 U.S.C. § 1 et seq.

Five of the plaintiffs each own or owned a motion picture theatre which it leased to defendant Metropolitan Playhouses, Inc. or its predecessor in interest and which was operated by defendant Skouras Theatre Corporation. The rental paid to plaintiffs was measured in part by a percentage of gross operating receipts. These plaintiffs are referred to hereinafter as the landlord plaintiffs.

Five other plaintiffs are or were operators or owners and operators of two other motion picture theatres.[1] These plaintiffs are referred to hereinafter as the operator plaintiffs.

All of the theatres involved are located in or near Nassau County, New York.

Defendants are in the business of owning, leasing and managing motion picture theatres and exhibiting motion pictures. The defendants will be referred to hereinafter as the "Skouras defendants"[2] and the "Century defendants"[3].

The last amended complaint alleges in substance that defendants formed in 1934, and continued until the date of the filing of the complaint, a combination and conspiracy to eliminate competitors in the exhibition of motion pictures and in the operation, management, leasing, and ownership of theatres in Nassau County, New York and the Metropolitan New York area. The alleged effect of the combination and conspiracy was in part to deprive plaintiffs' theatres of the more favorable runs and clearances to which each would have been entitled in a competitive market.

Although this is an action against operators and owners of theatres and no distributors are involved, the opinions of the Supreme Court in United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, and cases arising out of it illustrate the wide scope of issues that may be relevant here. For example there are many detailed factors, such as admission prices, operational policies, and the character and location of the theatres, which are necessary to a proper determination of whether plaintiffs are entitled to the runs and clearances which they claim the conspiracy deprived them of. United States v. Paramount Pictures, supra, 334 U.S. at pages 145–146, 68 S.Ct. at pages 923–924. Theatre Enterprises, Inc., v. Paramount Film Distributing Corp., 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273.

The scope of the possible issues covered by the information sought by the interrogatories is generally within the bounds of relevancy in a case of this nature. Defendants' general objection on the ground that the question of damages is premature must be rejected since information relevant to damages overlaps information relevant to priority of runs and clearances.

The geographical area covered, which is Nassau County and part of Suffolk and Queens Counties, is sufficiently limited and defendants' objections in this respect are denied. See Hopkinson Theatre v. R.K.O. Radio Pictures, D.C.S.D.N.Y., 18 F.R.D. 379, 382–383.

Considering the amendments made by plaintiffs' memorandum dated March 3, 1958, defendants' scattered ob-

1. Judge Cashin in an opinion dated September 5, 1957, 166 F.Supp. 621, dismissed the complaint as to owners who did not lease to defendants and did not operate the theatres.

2. This group includes Skouras Theatres Corporation, Metropolitan Playhouses, Inc., Jamaica Theatre Company, Inc., Grenek Realties, Inc., Merja Realties. Inc. and George F. Skouras.

3. This group includes Combined Century Theatres, Inc., Century Management Corporation, Frankstram Realties, Inc., Rock-Brook Realties, Inc., Sunny-Bliss Realties, Inc., Celtic Realty, Inc., Mansett Realty Corporation, Fourtown Realty Corporation, Threesite Realty Corporation, and Wayne Realty Corporation.

jections on the ground of vagueness are denied. General objections on the ground that the information sought is a matter of public record and that "opinions, conclusions and contentions" are called for are without merit. Blau v. Lamb, D.C.S.D.N.Y., 20 F.R.D. 411, 415; Gagen v. Northam Warren Corp., D.C. S.D.N.Y., 15 F.R.D. 44, 46.

The interrogatories as amended are not overly burdensome or oppressive as defendants contend. Much of the information will undoubtedly be available because defendants will need it in the preparation of their defense. In light of the liberal interpretation that must be given to the rules of discovery procedure and the wide scope of possible issues in the case the interrogatories are not subject to the general objection that they are burdensome and oppressive. See e. g. Caldwell-Clements, Inc., v. McGraw-Hill Publishing Co., D.C.S.D.N.Y., 12 F.R.D. 531.

This leaves the specific objections of defendants which I proceed to discuss.

Defendants first object to a definition at the beginning of the interrogatories stating that:

"Reference herein or in these interrogatories to any defendant or to 'you' or 'your' is intended to include each defendant referred to, its subsidiaries and corporations controlled by it and the predecessors in name of such defendant or such subsidiaries or controlled corporations; and corporations consolidated or merged with such defendant or with any such subsidiaries, controlled corporations or predecessors in name, and subsidiaries of or corporations con-

trolled by such merged or consolidated corporations."

Defendants contend that because of this statement the interrogatories are in effect addressed to persons who are not parties, contrary to Rule 33. I do not so construe it; it merely requires defendants to supply information which may be known to other corporations yet available to defendants. Rule 33 provides:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party."

If subsidiaries or controlled corporations possess the desired information and defendants' control over them is such that the information is "available" to defendants, defendants may not refuse to answer because the source of the information is a separate corporate entity. If the information sought is not "available" to defendants they may so state. Greenbie v. Noble, D.C.S.D.N.Y., 18 F.R.D. 414; see Leonia Amusement Corp. v. Loew's Inc., D.C.S.D.N.Y., 18 F.R.D. 503, 506.[4]

Defendants object to all interrogatories relating to first run theatres as irrelevant to a determination of the rights of second run theatres, citing T. C. Theatre Corp. v. Warner Bros. Pictures, D.C.S.D.N.Y., 16 F.R.D. 173, and Vilastor Kent Theatre Corp. v. Brandt, D.C.S.D.N.Y., 18 F.R.D. 199. These cases hold merely that records of first

---

4. Defendants rely on Savannah Theatre Co. v. Lucas & Jenkins, D.C.N.D.Ga., 10 F.R.D. 461, and Stanzler v. Loew's Theatre & Realty Corp., D.C.D.R.I., 19 F.R.D. 286, 289. The former was decided in 1943, prior to the 1946 amendment to Rule 33, which then provided that an interrogatory must be answered "by any officer thereof competent to testify in its behalf". See 4 Moore, Federal Practice, 2d ed. par. 33.01, p. 2253. The latter case, citing the Savannah case, states that "Rule 33 requires that the answering officer of a corporation shall furnish such information as is within the knowledge of the officers of such corporation". I do not believe this to be a correct interpretation of the rule as amended.

run theatres are irrelevant to a claimed deprivation of second runs. In this case, however, defendants concede that plaintiffs claim deprivation of first runs ahead of all other theatres for the Calderone and the Rivoli Theatres. See Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., D.C.S.D.N.Y., 21 F.R.D. 347, 356.

Defendants object to interrogatories 2, 3, 4, 6, 8, 10, 11, 12, 13, 20 and 29, which ask for information running back to 1926. The period barred by the statute of limitations runs up to 1949. Plaintiffs claim that the conspiracy began in 1934 but that a predecessor of defendant Metropolitan Playhouses, Inc., leased several of plaintiffs' theatres in 1929 and that defendant Skouras Theatres Corporation or George P. Skouras began operating several of the theatres in 1931. The Skouras defendants object on the ground that Skouras Theatres Corporation was not organized until after 1934. The latter contention is not in itself a valid ground of objection. See Hillside Amusement Co. v. Warner Bros. Pictures, D.C.S.D.N.Y., 7 F.R.D. 260, 262.

Plaintiffs contend that they are entitled to information as to the theatres and their operations prior to 1934 for comparison with the results of the operations of the theatres after the conspiracy which they claim will aid in proving the existence of the conspiracy. Plaintiffs also contend that the history of the theatre industry in Nassau County is relevant to a determination of whether or not plaintiffs' theatres are entitled to the runs and clearances which they claim they were deprived of as a result of the conspiracy.

■■ These are legitimate purposes of interrogatories in an action of this nature. Leonia Amusement Corp. v. Loew's Inc., supra, 18 F.R.D. at page 507; Hillside Amusement Co. v. Warner Bros. Pictures, supra. The circumstances under which defendants acquired their interest in the pooled theatres and the operation of the theatres during the period of these agreements may be issues in the case. See United States v. Paramount Pictures, supra, 334 U.S. at page 152, 68 S.Ct. at page 926. The interrogatories should, however, be limited to the extent necessary to achieve those purposes. Defendants began to acquire their interests in 1929. A period of five years prior to the formation of the conspiracy in 1934 should be quite adequate for the purpose of comparison. In addition, plaintiffs both owned and operated their theatres prior to 1929 and they should have in their possession the information asked for. The interrogatories stated above as running back to 1926 need only be answered back to 1929. Defendants' objection is otherwise overruled.

Interrogatory 9 relating to construction of new theatres and the purchase of sites for that purpose is admittedly relevant back to 1947. As amended by plaintiffs' concession to limit it to a period beginning in 1945 this interrogatory is not unreasonable and is allowed as so limited.

■ Defendants object to the above interrogatories insofar as they refer to five theatres referred to as the Syosset group. Defendants' ground of objection that the theatres were built or that operations began after the filing of the complaint in this action is untenable. Plaintiffs could amend their pleading to include that period. Caldwell-Clements, Inc., v. McGraw-Hill Publishing Co., supra, 12 F.R.D. at page 535.

Plaintiffs contend that these interrogatories are relevant in that the Syosset group of theatres exhibit the same motion pictures in the same geographical area as the Calderone and the Rivoli, two of the landlord plaintiffs' theatres, except that the Syosset group of theatres has obtained preferred runs which plaintiffs claim their theatres would have had but for the conspiracy.

■ The fact that the information pertains to a stranger to the action is not in itself a valid ground of objection. See Broadway & Ninety-Sixth St. Realty Co.

v. Loew's Inc., supra, 21 F.R.D. at page 357. The interrogatories are relevant and defendants must answer if the information is "available" to them. Defendant Skouras does not deny that it is a part owner of the Syosset group of theatres and that it has an interlocking relationship with Associated Prudential Theatres, Inc., the other joint owner, so as to make the information "available" to it.

Objections to interrogatories 20, 21 and 29 relating to Associated Prudential Theatres, Inc. on the ground that it is a stranger to the action are also overruled. Interrogatories likely to lead to evidence of pooling agreements, as plaintiffs contend with respect to these three, are relevant even though such agreements are with strangers to the action. Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., supra, 21 F.R.D. at pages 357–358.

A similar objection is made to interrogatories 7 and 8 on the ground that they should be limited to theatres subject to the pooling agreements. Interrogatory 7 relates to the key issue of attempts to secure favorable runs and clearances. Interrogatory 8 seeks identification of any reports on the subject of competition among theatres in Nassau County. Both of these interrogatories apply to those theatres identified by defendants in answer to interrogatory 2. These theatres are within the geographical area in which the conspiracy is alleged to be operating. The runs and clearances of these theatres and their competitive position may be relevant to the reasonableness of the runs and clearances of plaintiffs' theatres and even if, as defendants say, the operation of some of them was not expressly controlled by the pooling agreements, that would not make these interrogatories irrelevant as to those theatres. See Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., supra, 21 F.R.D. at pages 355–356; United States v. Paramount Pictures,

supra, 334 U.S. at pages 145–146, 68 S.Ct. at pages 923–924.

The Skouras defendants object to interrogatories 4(a), (b), and (c), and 5(a) through 5(e) insofar as they apply to the theatres that the landlord plaintiffs own and lease to defendants on the ground that plaintiffs as landlords have been furnished with substantially all of the information asked for during the period of operation by the Skouras defendants as lessees. It is true that the mere fact that matters are within the knowledge of the examining party or are matters of public record will not be a valid ground for objection where answers to the interrogatories may be valuable as admissions on issues in the case. Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., supra, 21 F.R.D. at page 357; 4 Moore supra at par. 26.21, pp. 1042–84. On the other hand where defendants have already furnished the information to plaintiffs it would be unreasonable to require them to undertake to do it again. See Leonia Amusement Corp. v. Loew's Inc., supra, 18 F.R.D. at pages 507–508.

In addition, the information asked for by these interrogatories is in the nature of statistical data, for example the daily box office receipts of a theatre. It is not likely that the parties will be at issue as to their accuracy so that interrogatories to secure admissions would serve no useful purpose. Where admissions are desired upon matters that will probably not be in dispute it is better to proceed by requesting admissions pursuant to Rule 36. 4 Moore, supra, at par. 36.02, p. 2706. This objection is sustained to the extent that when defendants have already furnished plaintiffs with the information sought they need do no more than say so; otherwise they must answer the interrogatories.

The Skouras defendants' objection to interrogatory 3(c) is sustained insofar as it applies to the landlord plaintiffs

theatres and their objection to interrogatory 3(d) is sustained insofar as it applies to the landlord plaintiffs' theatres during periods while they owned them. The dimensions and frontages of the lands and the tax valuations of the theatres should be known to their owners.

 Defendants object to interrogatories 5(a) through (e) and (i) on the ground that they are burdensome and expensive and that they require daily figures which may be obtained from books and records which plaintiff may move for production of pursuant to Rule 34. The mere fact that an interrogatory calls for research and compilation of data is not reason for disallowing it. See 4 Moore, supra at par. 33.20, pp. 2314–16. The court may determine, however, that the compilation is so extensive that the examining party should be required to prepare the data itself from the books and records. Konczakowski v. Paramount Pictures, Inc., D.C.S.D.N.Y., 20 F.R.D. 588, 593; Caldwell-Clements, Inc., v. McGraw-Hill Publishing Co., supra, 12 F.R.D. at page 544; see Leonia Amusement Corp. v. Loew's Inc., supra. Interrogatories 5(a) through (e) and (i) which require receipts and other data on a daily basis are the only interrogatories which I find to be so detailed that plaintiffs should compile the answers themselves. Defendants must answer the interrogatories, however, to the extent of stating whether such information is available in books, records or documents and describing such books, records and documents on which plaintiffs can base a motion to produce. See 4 Moore supra at par. 34.07.

 Defendants object to interrogatories 4(d), 5(i) and 10(a), which ask for information relating to film rentals paid by defendants to distributors, on the ground that the information is confidential in nature. Since the information is not privileged, defendants' claim will not bar the interrogatories if they are otherwise relevant. This claim is merely a factor to be considered together with the necessity of the information to the examining party. Caldwell-Clements, Inc., v. McGraw-Hill Publishing Co., supra, 12 F.R.D. at page 545; cf. Gordon, Wolf, Cowen Co. v. Independent Halvah & Candies, Inc., D.C.S.D.N.Y., 9 F.R.D. 700, 702. I find that the possibility of revealing any trade secret is outweighed by plaintiffs' claim that this information is relevant to the issue of whether a particular theatre is entitled to certain runs and clearances. Rental terms and license fees were held to be an important factor in determining whether a clearance was unreasonable in United States v. Paramount Pictures, supra, 334 U.S. at page 146, 68 S.Ct. at page 923, and therefore these facts may be relevant in this case in determining the reasonableness of the clearances plaintiffs received allegedly as a result of the conspiracy.

 Defendants object to interrogatories 4(j) and (h) which relate to repairs and replacement of theatre equipment on the ground that they are irrelevant except as to the Valley Stream. The complaint alleges that, pursuant to the conspiracy, one of the Skouras defendants as lessee of the Valley Stream Theatre, failed to maintain it properly. Data pertaining to maintenance of other theatres may be relevant to proof of the claim as to the Valley Stream. These interrogatories are allowed.

 Interrogatories 25, 26, and 27 relating to subsidiary corporations of defendants which sell refreshments in the theatres are allowed on the strength of plaintiffs' claim that the refreshment concession was a subject of the pooling agreements which are the basis of the conspiracy.

Defendants' motions are granted to the extent that I have sustained their objections, otherwise denied.

Settle order on notice.