**SINGER MANUFACTURING COMPANY, Plaintiff,**

v.

**BROTHER INTERNATIONAL CORPORATION, Defendant.**

United States District Court
S. D. New York.

Dec. 29, 1960.

Brumbaugh, Free, Graves & Donohue, New York City, for plaintiff.

Kane Dalsimer & Kane, New York City, for defendant.

McGOHEY, District Judge.

The defendant objects to fourteen of forty-seven interrogatories propounded by the plaintiff in this action for infringement of three patents.

The answer, among other defenses, alleges fraud in the procurement of the patents and consequent estoppel against enforcement; and misuse of the patents in violation of the antitrust laws. It also contains a counterclaim for extensive equitable relief including an accounting, and for treble damages occasioned

by alleged violations of the antitrust laws.

■ The first two interrogatories challenged are 4(b) and 4(c). They are directed to allegations in paragraph 22 of the amended answer which charge attempts by the plaintiff "to use said patents *to monopolize more than the true inventions* of the patentees * * *." [emphasis supplied] 4(b) asks for a statement of "the true invention of the patentees." 4(c) asks for a statement of "the extent over and above the true inventions it is alleged plaintiff attempted to monopolize." These interrogatories, framed in the language of the defendant's allegations, simply ask for the facts on which these allegations are based. The defendant, which must be presumed to know these facts, should state them. If it does not know them it should say so. This will not require the defendant to " 'expert' plaintiff's case." The objections to 4(b) and 4(c) are overruled.

The remaining twelve interrogatories challenged are addressed to the defendant's counterclaim. This alleges in substance that the plaintiff has been the dominant force in the sewing machine industry in the United States and throughout the world and that, in order to maintain that position, to restrain trade and to monopolize trade among the several states and foreign nations, it has, (a) conspired with others to control and pool "major patents"; (b) "purchased, fraudulently prosecuted and misused the patents in suit"; (c) competed unfairly with the defendant and others by copying improvements in the defendant's machines; (d) threatened defendant and other competitors with expensive litigation; (e) competed unfairly with the defendant and other competitors by "falsely deprecating and libelling" their products in widely circulated advertisements.

■ Interrogatory 5(f) asks for the patents or applications alleged to constitute the "major patents" which the plaintiff has allegedly conspired to control and pool. The objection to this is overruled for the reasons stated as to interrogatories 4(b) and 4(c).

■ Interrogatories 5(g) and 5(h) are relevant to the charge of attempted monopolization. The defendant asserts without challenge that these have been answered except for data on its sales and prices. Accordingly, there will be considered here only the objections that (1) sales and price data constitute a "trade secret"; (2) that in any event disclosure is premature until an accounting is ordered to assess damages; and (3) that information is demanded with respect to matters occurring after the filing of the counterclaim herein. If the information related only to damages, it would be premature. But it is clearly relevant also on the issue of the alleged attempted monopolization. Accordingly, the question is whether the fact that the parties are competitors renders the information which, though not commonly publicized, is not a true "trade secret" immune from discovery. I hold it is not immune.[1] At this time the information need be furnished only up to the date of the filing of the counterclaim. The plaintiff here is not in the same situation as the plaintiffs in the cases just cited on which it relies. However, the order to be entered may provide that, if the counterclaim is hereafter amended to include a period subsequent to the date of filing of the present counterclaim, the requested information for the additional period must be furnished.

■ Interrogatories 5(i) and 5(j) seek extensive data concerning machines sold in foreign countries and in the United States during a period extending beyond the date of the counterclaim. The defendant's objections are that the interrogatories are burdensome, irrelevant and too extensive in time. The time objection is sustained for the reasons and on the condition just stated with respect to interrogatories 5(g) and 5(h). The

1. Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., D.C., 12 F.R.D. 531, and cases there relied on; Erone Corp. v. Skouras Theatres Corp., D.C., 22 F.R.D. 494.

**324**

other objections are overruled. The information is clearly relevant and material to the charges of attempted monopolization in the United States and foreign countries. The defendant, having made these charges, will not be heard to complain that it is burdensome to furnish information in its possession relevant thereto.[2]

 Interrogatory 5(k) seeks the details of "the manner in which plaintiff allegedly purchased, fraudulently prosecuted and misused the patents in suit." The objections are that (a) it would be a burden on the defendant; (b) it calls for a statement of ultimate facts; and (c) it calls for a summary of evidence before trial. The interrogatory seeks only the facts on which allegations made by the defendant are based. The objections are not well taken and are overruled for reasons already stated.

Interrogatories 5(n), 5(o) and 5(p) are objected to on the ground that they seek information in possession of the plaintiff which the defendant can furnish in detail only after extensive and burdensome discovery. The objection is disposed of as follows. The defendant need answer only to the extent of its present knowledge, and state, if it be so, its lack of further knowledge at this time.

Interrogatory 5(r) seeks additional detailed information with respect to matters covered by interrogatories 5(i) and 5(j). The objections are (a) as to the time covered; (b) disclosure of "trade secrets"; and (c) lack of relevance. Objections (b) and (c) are overruled for the reasons already stated as to interrogatories 5(i) and 5(j). Objection (a) is sustained but only to the extent and on the condition prescribed as to interrogatory 5(h).

Objection to interrogatory 5(s) is sustained. The information demanded in interrogatory 5(g) should be sufficient to enable the plaintiff to prepare its defense to that part of the counterclaim to which 5(s) relates.

The objection to interrogatory 5(x) is disposed of in accordance with the ruling on interrogatories 5(n), 5(o) and 5(p).

The order to be submitted should provide for the time or times within which the sustained interrogatories should be answered.

Settle order.

---

2. Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., supra, 12 F.R.D. at page 538.