**PRUDENTIAL NEW YORK THEATRES CO., Inc., Plaintiff,**

v.

**RADIO CITY MUSIC HALL CORPORATION et al., Defendants.**

No. 64 Civ. 752.

United States District Court
S. D. New York.

June 13, 1967.

William Gold, New York City, for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendants.

## MEMORANDUM

TENNEY, District Judge.

In this motion, distributor-defendants move for an order pursuant to Rules 30(b) and 33 of the Federal Rules of Civil Procedure, striking out or modifying the interrogatories propounded to these defendants by plaintiff. After due consideration, the motion is denied.

This is a private, treble damage antitrust suit brought by the operator of two motion picture theatres situated on Long Island; namely, the Bayshore Playhouse in Bayshore and the Patchogue Playhouse in Patchogue. There are two categories of defendants: (1) exhibitor-defendant Radio City Music Hall, the operator of a motion picture theatre located in Manhattan; and (2) distributor-defendants Metro-Goldwyn-Mayer, Inc., Universal Film Exchanges, Inc., Warner Bros. Pictures Distributing Corp., and United Artists Corp., corporations which produce and/or distribute motion pictures.

Plaintiff's complaint alleges that pursuant to a conspiracy between the exhibitor-defendant and each of the distributor-defendants separately, and with all of the distributor-defendants jointly, the distributor-defendants have refused to license motion pictures for exhibition by plaintiff's theatres simultaneously with exhibition by exhibitor-defendant at Radio City Music Hall. Plaintiff further alleges that the Bayshore Playhouse and Patchogue Playhouse are not in substantial competition with Radio City Music Hall. Plaintiff claims that it has been damaged by the alleged conspiracy and seeks injunctive relief and damages.

Plaintiff's requests for interrogatories are objected to on three distinct grounds: (a) plaintiff has no right to secure information on features exhibited prior to the statutory damage period (March 10, 1960); (b) plaintiff has no right to secure information about theatres located outside the immediate geographical area which includes Radio City Music Hall, the Bayshore Playhouse and the Patchogue Playhouse; and (c) plaintiff has no right to secure information on features other than those exhibited at Radio City Music Hall.

At the outset, the Court notes the liberal manner in which requests for interrogatories have been handled in anti-trust suits involving the motion picture industry. Erone Corp. v. Skouras Theatres Corp., 22 F.R.D. 494 (S.D.N.Y. 1958); Konczakowski v. Paramount Pictures, Inc., 20 F.R.D. 588 (S.D.N.Y. 1957); Hopkinson Theatre, Inc. v. RKO Radio Pictures, Inc., 18 F.R.D. 379 (S.D. N.Y.1956). Interrogatories probing the areas of time, geography and issues are subject only to a test of reasonableness. Eth-Lee Amusements, Inc. v. Metro-Goldwyn-Mayer, Inc., 7 Fed.Rules Serv. 2d 33.321, Case 3 (E.D.N.Y. Sept. 3, 1963). Judged by these standards, plaintiff's interrogatories do not go beyond the bounds of reasonableness.

Courts have consistently allowed plaintiffs to inquire beyond the statutory damage period in spite of the statute of limitations. B & B Theatres, Inc. v. Metro-Goldwyn-Mayer, Inc., 7 Fed.Rules Serv.2d 33.321, Case 5 (S.D.N.Y. Nov. 6, 1963); Erone Corp. v. Skouras Theatres Corp., supra; Stanzler v. Loew's Theatres and Realty Corp., 19 F.R.D. 286 (D.R.I.1955); Dipson Theatres, Inc. v. Buffalo Theatres, Inc., 8 F.R.D. 86 (W. D.N.Y.1948). Similarly, Courts have been hesitant to restrict plaintiff's inquiries to a limited geographical area. Konczakowski v. Paramount Pictures, Inc., supra; Hopkinson Theatre, Inc. v. RKO Radio Pictures, Inc., supra. And, finally, inquiry has been permitted into activities of theatres other than those specifically designated in the complaint. B & B Theatres, Inc. v. Metro-Goldwyn-Mayer, Inc., supra; Eth-Lee Amusements, Inc. v. Metro-Goldwyn-Mayer, Inc., supra.

Accordingly, defendant-distributors' objections to plaintiff's interrogatories are overruled. The defendants are directed to answer all interrogatories.

So ordered.