**PARION THEATRE CORP., Plaintiff,**

**v.**

**RKO THEATRES INC., Glen Alden Corp., Paramount Film Distributing Corporation, Paramount Pictures Corporation (New York), Paramount Pictures Corporation (Delaware), Embassy Pictures, Incorporated, Warner Bros. Pictures Distributing Corp., Warner Bros.-Seven Arts Inc., Universal Pictures Company, Inc., Universal Film Exchanges Inc., Defendants.**

**No. 67 Civ. 3946.**

United States District Court,
S. D. New York.
Aug. 18, 1970.

William Gold, New York City, for plaintiff.

Javits, Trubin, Sillcocks, Edelman & Purcell, New York City, for Embassy Pictures.

O'Brien, Driscoll & Raftery, New York City, for RKO Theatres, Inc.

Howard Levinson, for Warner Bros.

Adolph Schimel, New York City, for Universal Pictures Co., Inc.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff-exhibitor, Parion Theatre Corp. (hereinafter referred to as "Parion") moves pursuant to Fed.R.Civ. P. 37(a) for an order overruling defendants' objections to questions posed by plaintiff during the taking of oral depositions.

The within action is a private, treble damage antitrust suit commenced by the operator of the Parsons Theatre located in Queens County, New York, against two classes of defendants: (1) RKO Theatres, Inc. (hereinafter referred to as "RKO"), the operator of two motion picture theatres, the RKO Keith and the RKO Alden, located in Queens County; and (2) various distributors which produce and/or distribute motion pictures.

Parion alleges in its complaint that pursuant to a conspiracy between the defendants, the distributors have refused to permit the Parsons Theatre to exhibit identical motion pictures simultaneously with the RKO Keith and Alden theatres. Parion further alleges that its theatre is not in substantial competition with either one of defendants' two Queens theatres.

All three of these theatres are classified as "Neighborhood First-Runs", a term of art referring to larger and better-equipped neighborhood movie houses.

In order to substantiate its claim that it has been subject to a conspiracy and unlawful discrimination by defendants, Parion has sought to depose an RKO Vice-President regarding the locations of "Neighborhood First-Runs" in the New York City area. Defendants object to such inquiry on the grounds that the information sought is irrelevant to the narrow issue of whether the clearance time between RKO's two theatres and the Parsons Theatre is reasonable.

Issues substantially identical to those presented herein were before this Court in Prudential New York Theatres Co., Inc. v. Radio City Music Hall Corp., 271 F.Supp. 762, 763 (S.D.N.Y.1967), wherein it was noted that "interrogatories * * * in anti-trust suits involving the motion picture industry should be liberally permitted." *Accord,* Erone Corp. v. Skouras Theatres Corp., 22 F.R.D. 494 (S.D.N.Y.1958).

In addition, this Court has previously indicated that it would be reluctant "to restrict [a] plaintiff's inquiries to a limited geographical area." Prudential New York Theatres Co., Inc. v. Radio City Music Hall Corp., *supra* at 763; *accord,* Hopkinson Theatre, Inc. v. RKO Radio Pictures, Inc., 18 F.R.D. 379, 382 (S.D.N.Y.1956), and permitted "inquiry * * * into the activities of theatres other than those specifically designated in the complaint." Prudential New York Theatres Co., Inc. v. Radio City Music Hall Corp., *supra* at 763; *accord,* B & B Theatres, Inc. v. Metro-Goldwyn-Mayer, Inc., 7 Fed.Rules Serv. 2d 33.321, Case 5 (S.D.N.Y. Nov. 6, 1963).

In sum, then, interrogatories in such suits are subject only to a test of reasonableness, Prudential New York Theatres Co., Inc. v. Radio City Music Hall Corp., *supra* at 763; *accord,* Eth-Lee Amusements, Inc. v. Metro-Goldwyn-Mayer, 7 Fed.Rules Serv.2d 33.321,

Case 3 (E.D.N.Y. Sept. 3, 1963), and since the questions posed by Parion do not appear to be unreasonable within the context of this action, they should be answered.

Accordingly, and for the foregoing reasons, plaintiff's motion to overrule defendants' objections is granted.

So ordered.